UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:04-5 WBS |
|---|---|
| Plaintiff, | ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| FRED SEARCEY, | |
| Defendant. | |

----oo0oo----

Presently before the court is defendant Fred Searcey's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines ("Guidelines"). (Def.'s Mot. (Docket No. 85).) The government opposes defendant's Motion. (Gov't's Opp'n (Docket No. 102).)

On March 17, 2004, defendant pled guilty to one count of distribution of at least fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Plea Agreement at 1 (Docket No. 14).) Based on a presentence report prepared by the United States Probation Office, the court found defendant to be a career offender with a total offense level of 34 and criminal history category of VI. (See Sentencing Tr. at 2 (Docket No. 29);

1

1  Presentence Report ¶ 19.)  The court sentenced defendant to 130
2  months in prison and 60 months of supervised release.
3  (Sentencing Tr. at 3-4.)
4        Defendant was released from prison in July 2012.  (See
5  Am. Probation Form 12C at 1 (Docket No. 79).)
6        In April 2014, defendant was arrested on charges of
7  violating the terms of his supervised release.  (Id. at 2.)  He
8  thereafter admitted to committing the following violations while
9  on supervised release: (1) "[t]ransportation" and "[p]ossession
10 of [c]ocaine for [s]ale"; (2) association with a person convicted
11 of a felony; and (3) issuing "[c]riminal [t]hreats."  (See id.;
12 Sept. 18, 2014 Judgment at 1 (Docket No. 83).)  The court revoked
13 defendant's supervised release and sentenced him to an additional
14 60 months in prison.  (Sept. 18, 2014 Judgment at 2.)
15       Defendant now moves for a sentence reduction pursuant
16 to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") and Amendment
17 782.  (Def.'s Mot.)  It is not clear from defendant's Motion
18 which of the two sentences in this case--the 130-month sentence
19 defendant served for distribution of cocaine base or the 60-month
20 sentence he is currently serving for violation of his supervised
21 release--defendant is seeking to reduce.  The court need not
22 decide that question because defendant's Motion fails with
23 respect to both sentences.
24       Under section 3582(c)(2), a federal court may "modify a
25 term of imprisonment" only where the "defendant [was] sentenced .
26 . . based on a sentencing range that has subsequently been
27 lowered by the [United States] Sentencing Commission."  18 U.S.C.
28 § 3582(c)(2).  Amendment 782, promulgated and made retroactive by

2

the Sentencing Commission in 2014, lowered the sentencing range of many crimes listed in the Guidelines' drug quantity table, U.S.S.G. § 2D1.1, by two offense levels.  See United States v. Castro, No. 1:11-CR-00187-(2) LJO, 2016 WL 950793, at *1-2 (E.D. Cal. Mar. 14, 2016).

In deciding whether a sentence reduction is warranted under section 3582(c)(2), the court is instructed to engage in "a two-step inquiry." Dillon v. United States, 560 U.S. 817, 826 (2010).  First, the "court must . . . determine that a reduction is consistent with [the policies set forth in] § 1B1.10" of the Guidelines ("section 1B1.10").  Id.  Second, the "court [must] consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 827.

To the extent defendant is asking the court to reduce the 130-month sentence which he has already served, the court must deny that request because that sentence was determined based on his status "as a career offender under U.S.S.G. § 4B1.1," (June 28, 2010 Order at 2 (Docket No. 69)), which Amendment 782 does not affect, see United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders . . . ."); United States v. Romero, No. 16-30007, 2017 WL 359684, at *1 (9th Cir. Jan. 25, 2017) (denying motion to reduce sentence pursuant to section 3582(c)(2) and Amendment 782 "[b]ecause [defendant] was sentenced as a

career offender under U.S.S.G. § 4B1.1").

To the extent defendant is asking the court to reduce his 60-month sentence, the court must also deny that request because it is inconsistent with section 1B1.10. Application Note 7(A) of section 1B1.10 ("Application Note 7(A)") states that section 1B1.10 "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, Application Note 7(A). The Ninth Circuit has held that Application Note 7(A)[1] "is an authoritative interpretation of section 1B1.10." United States v. Morales, 590 F.3d 1049, 1051 (9th Cir. 2010). Application Note 7(A), according to the Ninth Circuit, "clarifies that reducing a supervised release revocation sentence is inconsistent with U.S.S.G. § 1B1.10." Id. at 1052. Because reducing defendant's 60-month supervised release revocation sentence would be inconsistent with section 1B1.10, such a reduction is not permitted under section 3582(c)(2). See Dillon, 560 U.S. at 826.

For the reasons stated above, the court must deny defendant's Motion.

IT IS THEREFORE ORDERED that defendant's Motion to reduce his sentence pursuant to section 3582(c)(2) and Amendment 782 be, and the same hereby is, DENIED.

Dated:  March 14, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Application Note 7(A) was numbered 4(A) at the time the Ninth Circuit decided United States v. Morales, 590 F.3d 1049 (9th Cir. 2010).

4